# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41301
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUCIANO SOLIS-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-623-1

Before REAVLEY, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luciano Solis-Ruiz appeals his conviction and sentence for importing five kilograms or more of cocaine into the United States. 21 U.S.C. §§ 952, 960(a)(1), (b)(1); 18 U.S.C. § 2. His offense involved 28 kilograms of cocaine. The district court sentenced him at the bottom of the guideline range to 87 months of imprisonment. Solis-Ruiz challenges the denial of a mitigating role

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41301

reduction under U.S.S.G. § 3B1.2, and he raises a foreclosed challenge to the sufficiency of the factual basis for his guilty plea.

Whether a defendant was a minor or minimal participant is a factual question that we review for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). A district court need not expressly weigh each factor in deciding whether to grant a mitigating role reduction. *Id.* at 209. Solis-Ruiz decided to bring his common-law wife and her 15-year old son with him when he tried to bring the drugs into the United States. Thus, he did participate in planning the criminal activity to some degree, and he had some degree of discretion in performing the acts. *See* § 3B1.2, comment. (n.3(C)(ii), (iv)). The district court's finding that Solis-Ruiz was not "substantially less culpable than the average participant in the criminal activity" was plausible in light of the record as a whole. § 3B1.2, comment. (n.3(A)); *see Torres-Hernandez*, 843 F.3d at 207.

Solis-Ruiz argues that his factual basis was insufficient because it failed to establish that he knew the type and quantity of drugs that he was importing. He seeks to reduce his conviction to importation of marijuana, which carries a five-year maximum prison sentence under § 960(b)(4). As he acknowledges, we rejected the same argument under a nearly identical drug statute, 21 U.S.C. § 841. *See United States v. Betancourt*, 586 F.3d 303, 307-09 (5th Cir. 2009).

AFFIRMED.